# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

GEORGE VELASQUEZ,

    Plaintiff,

v.                                                            No. 1:19-cv-1120-RB-KK

MICHELLE LUJAN GRISHAM,
KEN ORTIZ, MAGGIE TOULOUSE
OLIVER, HECTOR BALDERAS,
BEN RAY LUJAN, and STEVEN SALAS,

    Defendants.

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

**THIS MATTER** comes before the Court on Plaintiff's Response to the Show Cause Order filed December 17, 2019. (Doc. 6.)

The Complaint in this case states: "Jurisdiction of this Court is found upon 28 U.S.C. § 1331. (The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.)." (Doc. 1 (Comp.) at 4.) Plaintiff alleges that Defendants have violated the following federal regulations: (i) 5 CFR § 2635.701 Overview; (ii) 5 CFR § 2635.702 Use of public office for private gain; (iii) 5 CFR § 2635.703 Use of nonpublic information; (iv) 5 CFR § 2635.704 Use of Government property; and (v) 5 CFR § 2635.705 Use of official time. (Compl. at 3.)

The Court explained to Plaintiff that:

The federal regulations that Plaintiff alleges Defendants violated only apply to employees of the United States Government. *See* 5 CFR § 2635.601(a) ("To ensure that every citizen can have complete confidence in the integrity of the Federal Government, each employee shall respect and adhere to the principles of ethical conduct set forth in this section, as well as the implementing standards contained in this part and in supplemental agency regulations"). Federal "employee" "includes employees of a State or local government or other organization who are serving on detail to [a federal] agency." 5 CFR § 2635.102(h). Plaintiff has not

alleged that Defendants are federal employees. Nor are there any allegations that this case arises under any other federal laws. Plaintiff, therefore, has not met his burden of alleging facts that support federal question jurisdiction. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action").

(Doc. 5 at 2.)

The Court ordered Plaintiff to either show cause why the Court should not dismiss this case for lack of jurisdiction or file an amended complaint that contains a short statement of the grounds for the Court's jurisdiction and alleges facts that support jurisdiction. (*Id.*)

Plaintiff filed a Response which summarizes the facts alleged in the Complaint and cites some of the federal regulations cited in the Complaint. Plaintiff has not shown cause why the Court should not dismiss this case for lack of jurisdiction and has not met his burden of alleging facts that support jurisdiction. *See Dutcher v. Matheson*, 733 F.3d 980, 985 (10th Cir. 2013) ("Since federal courts are courts of limited jurisdiction, we presume no jurisdiction exists absent an adequate showing by the party invoking federal jurisdiction"); Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action"). Consequently, the Court dismisses this case without prejudice for lack of jurisdiction. *See Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1218 (10th Cir. 2006) ("[D]ismissals for lack of jurisdiction should be without prejudice because the court, having determined that it lacks jurisdiction over the action, is *incapable* of reaching a disposition on the merits of the underlying claims.").

**IT IS ORDERED** that this case is **DISMISSED without prejudice.**

_____
ROBERT C. BRACK
SENIOR U.S. DISTRICT JUDGE